## Coulbourne *v.* Edelman, Appellant.

*Practice, C. P.—Municipal Court—Affidavit of defense—Counterclaim—Answer.*

Under the Act of July 12, 1913, P. L. 711, establishing the Municipal Court of Philadelphia County, when a plaintiff has in his statement of claim averred performance of his contract, an averment in an affidavit of defense that he has failed to perform, is not "new matter," within the meaning of the provision of the statute requiring the filing of an answer by the plaintiff within five days after the affidavit of defense was filed.

Argued Oct. 16, 1918. Appeal, No. 92, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., June T., 1916, No. 283, for plaintiff in case tried by the court without a jury in suit of James E. F. Coulbourne v. W. Rogers Edelman. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a promissory note. Before WHEELER, J.

The court entered judgment for plaintiff for $382.44, the full amount of the claim.

*Error assigned* was the judgment of the court.

*Donald S. Edmonds,* for appellant.

*Erwin Sturm,* with him *John A. Becker,* for appellee.

OPINION BY PORTER, J., July 10, 1918:

While this is an action by the payee against the maker of a promissory note, the plaintiff in his statement set forth the consideration for which the note was given; to wit, the balance due upon the sale, or a bailment which the parties subsequently elected to consider a sale, of an automobile. The affidavit of defense admitted the execution of the note and that it was given in pursuance of the contract for sale of the automobile alleged in plaintiff's statement. It admitted the truth of all the paragraphs of the statement filed by plaintiff except the fifth, in which plaintiff averred the amount due him by the defendant, as to which the defendant denied that there was any amount due. The affidavit of defense having thus answered the paragraphs of plaintiff's statement, proceeded to state in separate paragraphs what it designated as a counterclaim or set-off. The averments of the counterclaim, stripped of redundant verbiage, amounted to an allegation that under the agreement the automobile was warranted by the plaintiff to the defendant to be in good order and condition, and in first-class running condition and to have been recently overhauled and placed in good running order; that the automobile was defective and that because of these defects the automobile was worth $357.29 less than it would have been if in the condition warranted. The plaintiff elected to take judgment for the amount admitted to be due and proceed for the balance of his claim. The defendant paid the amount which he had admitted to be due, and at the trial contended that "the counterclaim or set-off" which he had alleged in his statement must be taken as admitted, for the reason that the plaintiff had not filed a reply thereto within five days after the affidavit of defense was filed. This contention of the defendant was supposed to be founded on the provisions of the twelfth section of the Act of July 12, 1913, P. L. 711, regulating the practice in the court below. The relevant provisions of that section are as follows: "After defendant has filed an an-

swer the case shall be at issue, without formal pleas, unless he sets up new matter in separate numbered paragraphs in addition to those answering plaintiff's averments; in which case plaintiff may within five days, answer the same in the same manner, and all new matter so averred by the defendant and not denied by the plaintiff,......shall be deemed to be admitted." The court below entered judgment for the plaintiff for the full amount of his claim and the defendant appeals.

The sole question in this case is whether the defense set up was "new matter" within the above quoted provisions of the statute. Whether it is "new matter" must be determined by the matter itself, and not by the mere form in which it is attempted to be pleaded; the test should be is it extrinsic to the cause of action set up in the statement? In construing this statute it is well to keep in mind the fact that it was manifestly the legislative intention to simplify procedure in the court below and not to revive a refined system of special pleading. Under the Practice Act of 1887, which would have applied if nothing had been said about procedure in the act creating the municipal court, the appellant could have presented the defense set up by this affidavit under the plea of the general issue. The defense was not extrinsic to the cause of action averred in the statement, it grew out of the very contract upon which the plaintiff was seeking to recover. When a plaintiff has in his statement averred performance of his contract, an averment in an affidavit of defense that he has failed to perform is not "new matter" within the meaning of the statute.

The judgment is affirmed.